JUSTICE BAKER,
concurring.
¶36 The Court correctly analyzes the Incest statute and its application to Kline. I add only an observation: the statute as written treats both an adult man and his minor daughter as equally complicit in a sexual relationship. I doubt this is what the Legislature intended, but the statute is not reasonably susceptible to another construction.
¶37 Applied to consenting adults or to siblings, the statute properly treats both actors in an incestuous relationship as responsible for the offense. Section 45-5-507(1), MCA. And the statute rightly makes a stepson’s or stepdaughter’s consent ineffective if the child is under 18. Section 45-5-507(2), MCA. But when, as here, a father has sexual intercourse with his underage natural daughter, her consent to the act makes her his partner in crime. The statute thus seems to perpetuate a long-outdated philosophy that a young girl is responsible for sexual crimes committed against her. Public policy otherwise spurns the notion that an adult may use a parental relationship to take sexual advantage of his minor child. See, e.g., Langford v. State, 2013 MT 265, 372 Mont. 14, 309 P.3d 993 (upholding sex offender registration for offender convicted of incest with teenage daughter); In re S.L.T., 215 Mont. 289, 697 P.2d 472 (1985) (affirming finding that teenage girl subjected to sexual acts by her adopted father was abused and neglected, and upholding grant of legal custody to the State). The Legislature may wish to take a fresh look at the Incest statute to address this paradoxical result.
JUSTICE WHEAT joins in the concurring Opinion of JUSTICE BAKER.